# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

## CIVIL CASE NO. 1:12cv97

DAVID BOTTOM and KRYSTAL )
DAWN SANCHEZ BOTTOM, )
                                 )
       **Plaintiffs,** )
                                   )
       **vs.** )             **O R D E R**
                                   )
JAMES W. BAILEY, JR., )
1031 EXCHANGE SERVICES, )
LLC and HOMETRUST BANK, )
                                   )
       **Defendants.** )
_____ )

**THIS MATTER** is before the Court on the Plaintiffs' Motion to Remand or in the Alternative for Leave to Amend the Complaint and Decline Supplemental Jurisdiction and for Attorney Fees and Costs [Doc. 6].

## PROCEDURAL HISTORY

On February 15, 2011, the Plaintiffs filed suit against the Defendants in the General Court of Justice, Superior Court Division for Buncombe County, North Carolina. [Doc. 1-5 at 10-27]. In that Complaint, the Plaintiffs alleged that in November 2010, they contracted with the Defendant 1031

Exchange Services, LLC (Exchange), which is solely owned by Defendant James Bailey (Bailey), to conduct a tax deferred exchange of real estate. [Id. at 10-11]. Pursuant to an Exchange Agreement, Exchange, as a trustee, deposited $224,529.75 into an account held at the Defendant HomeTrust Bank (HomeTrust). [Id.]. It is alleged that HomeTrust inappropriately removed the funds from the fiduciary account and placed them into a money market account held in the name of Exchange. [Id. at 12-13]. It is further alleged that the United States Government subsequently sought forfeiture of the funds in connection with the criminal prosecution of Bailey. [Id. at 13]. The Plaintiffs were advised by Bailey in December 2010 that the account had been frozen and they have been unable to access the funds since that time. [Id.]. In their initial Complaint, the Plaintiffs alleged claims for breach of contract, negligence, negligent misrepresentation, and breach of fiduciary duty against Bailey and Exchange. [Id. at 13-16]. They alleged claims for breach of implied contract, negligence, and breach of fiduciary duty against HomeTrust. [Id. at 16-18]. Finally, they alleged claims for constructive trust and equitable lien against all Defendants. [Id. at 18-19].

The parties litigated the matter in state court throughout 2011. [Doc.

1-1, Doc. 1-2, Doc. 1-3, Doc. 1-4, Doc. 1-5]. On March 19, 2012, the Plaintiffs moved in state court for leave to amend the Complaint. [Doc. 1-1 at 25]. Plaintiffs' counsel noticed a hearing on the motion for May 2, 2012. [Id. at 4]. The hearing notice was filed on April 13, 2012. [Id.]. On May 2, 2012, with the consent of HomeTrust, the state court judge granted the motion and the Plaintiffs' Complaint was amended to assert claims against HomeTrust for aiding and abetting, violations of the Uniform Fiduciaries Act, N.C. Gen. Stat. §32-9, conversion and violations of the Bank Secrecy Act, 31 U.S.C. §§5311, *et. seq.* [Id. at 2-3, 14-27]. The Plaintiffs also added claims against all Defendants for violations of North Carolina's Unfair and Deceptive Trade Practices Acts, N.C. Gen. Stat. §§75-1.1, *et. seq.*, and civil conspiracy. [Id. at 22-23].

On May 15, 2012, HomeTrust, with the consent of the other two Defendants, removed the state court action to this Court based on federal question jurisdiction due to the amendment which added the claim pursuant to the Bank Secrecy Act. [Doc. 1]. The Plaintiffs timely moved to remand the action to state court. [Doc. 6]. On June 11, 2012, HomeTrust moved to dismiss the action for failure to state a claim upon which relief may be

granted.[1] [Doc. 8]. The time within which the Plaintiffs may respond to that motion has been tolled pending a ruling on the motion to remand. [Doc. 13].

On February 1, 2011, Bailey was charged in this Court with securities fraud, mail fraud, and filing false tax returns, in violation of 15 U.S.C. §78j(b), 18 U.S.C. §§1341 & 2 and 26 U.S.C. §7206. [United States v. Bailey, Criminal Case No. 1:11cr10 at Doc. 1]. The Bill of Information contained a forfeiture notice which included the bank account at HomeTrust which is the subject of this civil case. [Id.]. Bailey entered into a Plea Agreement with the Government on February 1, 2011. [Id. at Doc. 3]. Bailey entered his plea of guilty to each charge and consented to an Order of Forfeiture which included the bank account at issue. [Id. at Doc. 15, Doc. 16]. HomeTrust filed a Claim as to the forfeiture charge which did not include a claim to the bank account at issue. [Id. at Doc. 122]. The Plaintiffs also filed a Claim but subsequently moved to withdraw it, [Id. at Doc. 131, Doc. 461], which was allowed by the Court. [Id. at Doc. 548].

The issue of any entitlement to a claim in the forfeiture matter having been resolved, the Court will address the pending motion in this civil action.

---

[1]The motion, among other relief, seeks dismissal with prejudice of the federal claim. [Doc. 8].

4

## STANDARD OF REVIEW

Section 1446 of Title 28 of the United States Code provides in pertinent part:

> [I]f the case [filed in state court as] stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion or order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. §1446(b)(3).

## DISCUSSION

**The motion to remand.**

It is undisputed by the parties that the initial Complaint was not removable because it asserted only state law claims and the parties in this matter are not diverse. The only issue is whether the thirty day period within which the Defendants could remove began (1) on March 19, 2012 when the Plaintiffs filed their motion for leave to amend, along with the proposed Amended Complaint (Doc. 1-1 at 6, 25); (2) on April 13, 2012 when the Plaintiffs filed their notice of hearing (Doc. 1-1 at 4); or (3) on May 2, 2012 when the state court judge, with the Defendants' consent, granted the motion for leave to amend and the Amended Complaint was deemed

filed (Doc. 1-1 at 3).[2]

The Plaintiffs argue that the thirty day period within which to remove began at the earliest on March 19 or the latest on April 13, 2012 because, as of each date, the Defendants were on notice that they sought to amend the Complaint. Plaintiffs candidly admit that their position is the minority view and cite no case law from the United States Court of Appeals for the Fourth Circuit or the District Courts therein in support of their position. [Doc. 7 at 5].

In <u>Savilla v. Speedway SuperAmerica, LLC</u>, 91 F. App'x. 829 (4th Cir. 2009), the Fourth Circuit held that a proposed amended complaint which is filed with the motion to amend is deemed filed as of the date the court grants the motion to amend. When the "proposed amendments were served on the opposing party, a court order allowing the amendments operated to amend the pleading" with no further action required by the party which was granted leave to amend. <u>Id</u>. (internal quotation and citation omitted). Thus, in that case, a motion to amend to which had been

---

[2]The Plaintiffs claim that HomeTrust consented to the amendment and signed a consent order on April 13, 2012. [Doc. 7 at 6]. The only document showing such consent, however, is the state court judge's order granting leave to amend which was signed by him on May 2, 2012 and filed on that same date. [Doc. 1-1 at 2-3].

attached the proposed amended complaint was filed on July 31, 2002.[3]  Id.

The thirty day period within which to remove the action from state court did

not begin to run, however, until August 7, 2002 when the state court judge

granted the motion to amend.  Id.  The same reasoning applies here.

Regardless of when the Defendants knew the Plaintiffs intended to

move for leave to amend or when the *proposed* amendment was filed, the

Amended Complaint did not become the amended pleading until the judge

so held; that is, on May 2, 2012.  Sullivan v. Conway, 157 F.3d 1092, 1094

(7th Cir. 1998).

> Until the state judge granted the motion to amend, there was no
> basis for removal.  Until then, the complaint did not state a
> federal claim.  It might never state a claim, since the state judge
> might deny the motion.  The statutory language [of §1446(b)(3)]
> speaks of a motion or other paper that discloses that the case
> is or has become removable, not that it may sometime in the
> future become removable if something happens, in this case
> the granting of a motion by the state judge.  When the motion
> was granted, the case first became removable, and it was
> promptly removed.  It would be fantastic to suppose that the
> time for removing a case could run *before* the case became
> removable[.]

Id. (emphasis in original); Freeman v. Blue Ridge Paper Products, Inc., 551

F.3d 405, 410 (6th Cir. 2008) ("The complaint was amended only upon

---

[3]Indeed, the lower court in Savilla held that the Defendant's removal was
premature because it did not await the order allowing the amendment.  That is not at
issue here.

issuance of the written order.").

Thus, the thirty day period within which to remove the case did not begin to run until May 2, 2012 when the order was entered. <u>Allison v. Meadows</u>, 2005 WL 2016815 (S.D.W.Va. 2005). This is because

> the thirty-day removal period is not triggered at the instant the case becomes removable, or even when the defendant has enough evidence to surmise that the cause might have become removable. Rather, the amended pleading, motion, order or other paper must be unequivocally clear and certain to start the [thirty -day] time limit running for a notice of removal under [§1446(b)(3)].

<u>Paschall v. CBS Corporation</u>, 2011 WL 4345283 **4 (E.D.Va. 2011) (internal quotations and citations omitted). "[Section] 1446(b) starts the thirty-day period running from the date that a defendant has solid and unambiguous information that the case is removable." <u>Walker v. Philip Morris USA, Inc.</u>, 443 F. App'x. 946, 950 (6th Cir. 2011) (internal quotation and citation omitted); <u>Bramlett v. Bajric</u>, 2012 WL 4329242 (N.D.Ga. 2012); <u>State Farm Mut. Auto. Ins. Co. v. Camco Mfg., Inc.</u>, 2012 WL 3962470 (D.Nev. 2012). "Where leave to amend is required, an amended complaint cannot be operative until that leave has been granted. Simply put, in federal court, there is simply no such thing as 'contingent' subject matter jurisdiction." <u>McDonough v. UGL UNICCO</u>, 766 F.Supp.2d 544, 546

(E.D.Pa. 2011); <u>Barwick v. Eslinger</u>, 2012 WL 1656736 (M.D.Fla. 2012) (defendant should have waited until state judge granted motion to amend); <u>Zamora v. Wells Fargo Home Mortg.</u>, 831 F.Supp.2d 1284, 1299 (D.N.M. 2011) (in federal question case, state court must grant motion to amend before removal time begins); <u>Lion Raisins, Inc. v. Fanucchi</u>, 788 F.Supp.2d 1167, 1172-73 (E.D.Cal. 2011) (the majority of courts have concluded that removal ripens only after the state judge grants the motion to amend) (collecting cases).  For these reasons, the basis upon which the Plaintiffs rely in the motion is insufficient to warrant remand, and therefore the Motion to Remand must be denied.

**The motion to amend.**

The Plaintiffs argue in the alternative for leave to amend the Complaint to delete the sole claim upon which the Defendants assert that federal question is predicated. [Doc. 7 at 8-10].  Once that claim is dismissed, they argue, this Court should decline to exercise its supplemental jurisdiction and remand this action to state court. [<u>Id</u>. at 11-15].  In other words, if their motion to remand is denied then the Plaintiffs do not wish to pursue the federal claim.

"Motions to amend are typically granted in the absence of an

improper motive[.]" <u>Harless v. CSX Hotels, Inc.</u>, 389 F.3d 444, 447 (4th Cir. 2004). Where the plaintiff has no other "substantive and meritorious reason" to amend the complaint, other than the desire to defeat federal jurisdiction by eliminating the federal claim, an improper motive may be inferred. <u>Id</u>. Here, the Plaintiffs candidly admit the desired amendment is solely to avoid federal jurisdiction and to obtain a remand to state court. This Court therefore must take into account whether they are attempting to manipulate the forum. <u>Payne v. Parkchester North Condominiums</u>, 134 F.Supp.2d 582, 584 (S.D.N.Y. 2001).

After litigating in state court for more than a year, the Plaintiffs sought in March 2012 to add the claim at issue in the state court action. The Defendants' subsequent removal was based entirely on the Plaintiffs' choice to add that claim. Once removed, however, the Plaintiffs now attempt to return to state court. It is clear that their current posture, which is entirely of their own doing, is merely an attempt to avoid being in federal court; that is, to forum shop.

> When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The

> jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation [by the] plaintiff ... cannot be condoned.

Boelens v. Redman Homes, Inc., 759 F.2d 504, 507 (5th Cir. 1985). The Court does not find that the Plaintiffs' transparent attempt to avoid federal jurisdiction is an appropriate ground for amendment since they have stated no other legitimate reason for the proposed amendment. Payne v. Parkchester North Condominiums, 134 F.Supp.2d 582 (S.D.N.Y. 2001); Hatcher v. Lowe's Home Centers, Inc., 718 F.Supp.2d 684 (E.D.Va. 2010); Bennett v. Beiersdorf, Inc., 889 F.Supp. 46, 48 (D.Conn. 1995) ("This is not an acceptable maneuver. A plaintiff whose case has been removed to federal court cannot defeat federal jurisdiction by amending her complaint to excise the federal claims.").[4] For these reasons the Plaintiffs Motion to Amend must be denied.

The Plaintiff's also seek an award of attorneys fees and costs due to removal. In light of the Court's denial of the motion to remand and the motion to amend, there is no basis on which Plaintiffs can seek such fees

---

[4]The Court also notes that the Plaintiffs' motion to amend would delete the claim at issue without prejudice to renewing it. There is pending, however, the Defendants' motion to dismiss that claim with prejudice. "The court cannot allow Plaintiff[s] to amend simply to defeat Defendant[s'] motion to dismiss." Googerdy v. North Carolina Agr. and Technical State University, 386 F.Supp.2d 618, 623 (M.D.N.C. 2005).

and costs.  Therefore, this motion must be denied as well.

**Subject Matter Jurisdiction**

The denial of the Plaintiff's motions is not the end of the analysis as to whether this matter is properly before this Court.  Federal District courts are courts of limited jurisdiction.  United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009).  "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed."  Id.  The lack of subject matter jurisdiction is an issue that may be raised at any time.  See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Except as otherwise provided by law, a defendant may remove a state civil action to federal district court where the action is one "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Among those cases of which the district courts have original jurisdiction are civil cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Removal jurisdiction is not favored, and thus the Court must

"construe it strictly in light of the federalism concerns inherent in that form of federal jurisdiction." In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006). The burden is on the party seeking removal to demonstrate that federal jurisdiction is proper. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994).

"The presence or absence of [a] federal question is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987). As a general rule, federal question jurisdiction exists only if the complaint pleads a federal cause of action. See Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986); Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). "In other words, the well-pleaded complaint rule generally bars federal jurisdiction where a plaintiff's complaint on its face states only state law causes of action, even though issues of federal law may be involved." Fagin v. Gilmartin, No. 03-2631 (SRC), 2007 WL 419286, at *3 (D.N.J. Feb. 1, 2007).

The one claim that gives rise to the Defendants' removal of this action

is one that asserts a violation of the Bank Secrecy Act, 31 U.S.C. §5311 et seq., and certain regulations implementing that act. 12 C.F.R. §§ 21.11 and 21.21. These pertain to the requirement that a bank file certain "Suspicious Activity Reports" with the government and implement programs to detect bank fraud. Though the Plaintiffs identify the particular sections that they contend were violated, they do not specify the nature of their claim against the bank based upon such violations. None of these provisions provide for a private cause of action. See AmSouth Bank v. Dale, 386 F.3d 763, 777 (6th Cir. 2004) (noting that Bank Secrecy Act does not create a private right of action); Public Serv. Co. of Oklahoma v. A Plus, Inc., No. CIV-10-651-D, 2011 WL 3329181, at *8 (W.D. Okla. Aug. 2, 2011) (noting that Bank Secrecy Act and its implementing regulations "obligate banks to report certain customer activity to the government but do not create a private cause of action"). While not dispositive of the issue, Congress's determination not to provide a private cause of action under a federal statute is evidence of "a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal question jurisdiction." Merrell Dow, 478 U.S. at 814, 106 S.Ct. at 3235; Dale, 386 F.3d at 777 ("Because

the Bank Secrecy Act does not create a private right of action, the Receivers' incorporation of its standards into a state-law cause of action cannot transform their complaint into one that raises a federal question."). Therefore, to the extent that any cause of action may arise from a violation of these federal provisions, they would be state causes of action, not federal.  Under North Carolina law, the violation of a federal law may serve as a basis for a state law negligence action.  See Guyton v. FM Lending Servs., Inc., 199 N.C. App. 30, 40, 681 S.E.2d 465, 474 (2009) (noting that "utilizing federal statutes as the basis for recognizing a state law duty is undoubtedly appropriate in some instances").  "That a court may be called upon to evaluate the offending conduct in light of what federal [banking] laws and regulations require does not federalize the [Plaintiffs'] claims . . . ." Fagin, 2007 WL 419286, at *4; see also Shawver v. Bradford Square Nursing, LLC, No. 3:08-13-DCR, 2008 WL 2355803, at *5 (E.D. Ky. June 5, 2008) ("Although resolution of the Plaintiff's state law claims may require examination of federal law, the Court cannot conclude that this case involves a federal issue that is substantial and dispositive.  While the Plaintiff has referenced federal Medicare and Medicaid statutes and regulations, he has done so simply to establish the relevant standard of

care and to allege that the defendants breached that duty of care."); <u>Pirie v. Broadview Multi-Care Ctr.</u>, No. 1:08 CV 1427, 2008 WL 2745977, at *2 (N.D. Ohio July 11, 2008) (noting that "references to federal regulations [in the plaintiff's complaint] are asserted in the context of an applicable standard of care, not an independent cause of action"); <u>Sercye-McCollum v. Ravenswood Hosp. Med. Ctr.</u>, 140 F.Supp.2d 944, 946 (N.D. Ill. 2001) (declining to find substantial federal question where plaintiff cited, *inter alia*, federal Emergency Medical Treatment and Active Labor Act in order to establish applicable standard of care for medical negligence claim under Illinois state law). Therefore, the legal focus of this one claim is not whether the Defendants violated federal banking laws, but rather whether their conduct violated a duty owed to the Plaintiffs under state law. Thus, "[t]he fact that a court may have to look to federal law to evaluate whether Defendants' alleged misconduct violated their state law obligations does not, in this case, elevate the federal law aspect of the alleged misconduct into a substantial question of federal law." <u>Fagin</u>, 2007 WL 419286, at *6.

This, however, does not necessarily end the analysis. In a "small class of cases" a complaint asserting a state law cause of action may nevertheless "arise under federal law" where "the case's resolution

depends on resolution of a federal question sufficiently substantial to arise under federal law within the meaning of 28 U.S.C. § 1331." Ormet Corp. v. Ohio Power Co., 98 F.3d 799, 806 (4th Cir. 1996). The "mere presence" of a federal issue, however, "does not automatically confer federal-question jurisdiction." Merrell Dow, 478 U.S. at 813, 106 S.Ct. at 3234. Rather, "federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313, 125 S.Ct. 2363, 2367, 162 L.Ed.2d 257 (2005). Even where a state claim involves a contested and substantial federal question, federal jurisdiction may still be improper if the exercise of such would not be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." Id. at 313-14, 125 S.Ct. at 2367. Thus, the question to be resolved in determining whether to exercise federal jurisdiction over a state-law claim is whether such claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state responsibilities." Id.

at 314, 125 S.Ct. at 2368.

In accordance with Grable, the Court will first consider whether the Plaintiffs' Second Amended Complaint raises an "actually disputed and substantial" issue of federal law. Id. Even though the Plaintiffs' Second Amended Complaint does not assert whether this claim is one under federal or state law, as shown above if it states a cognizable claim at all it must be pursuant to state law. The claim may necessarily raise disputed and substantial federal issues, as the Plaintiffs base this claim upon the breach of duties allegedly owed to them under the federal statutes and regulations specified. This, however, does not necessarily render this claim to be "arising under" federal law. On this point the Supreme Court's decision in Grable is instructive. [Doc. 22 at 9-10]. In Grable, the Internal Revenue Service ("IRS") seized real property owned by the plaintiff to satisfy a federal tax delinquency. Grable, 545 U.S. at 310, 125 S.Ct. at 2366. Following the tax sale, the plaintiff brought a state action against the purchaser of the land to quiet title, claiming that the new purchaser's title was invalid because the IRS failed to give the plaintiff proper notice of the sale as required by federal law. Id. at 311, 125 S.Ct. at 2366. The purchaser removed the case to federal court on the grounds that the action

required an interpretation of federal tax law and thus presented a federal question pursuant to section 1331.  Id.  The Supreme Court concluded that the case warranted the exercise of federal jurisdiction, as the plaintiff had premised its claim of superior title on the failure of the IRS to provide him adequate notice as required by federal law.  Thus, the issue of whether the plaintiff had received proper notice within the meaning of the federal statute was "an essential element of its quiet title claim," and the interpretation of the federal statute was actually in dispute.  Id. at 315, 125 S.Ct. at 2368. Indeed, the Court noted that the interpretation of the federal notice requirement "appear[ed] to be the only legal or factual issue contested in the case."  Id.  Noting that "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court," and citing the government's interest in having a federal forum available to vindicate its administrative actions, the Court concluded that a substantial federal issue was presented warranting the exercise of federal jurisdiction. Id.

Unlike Grable, which involved the actions of the IRS and its compliance with a federal statute, the present case was triggered by the conduct of private actors and did not involve the action or decision of any

federal agency.  See Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 700, 126 S.Ct. 2121, 2137, 165 L.Ed.2d 131 (2006) (explaining that Grable "centered on the action of a federal agency (IRS) and its compatibility with a federal statute").  Moreover, while Grable presented a sole contested issue of federal law, the Plaintiffs' claims in the present case raise numerous factual and legal issues of both state and federal law. [See, e.g., Second Amended Complaint, Doc. 1-1 at ¶ 134 (alleging that Defendant Home Trust failed to file a Suspicious Activity Report)].  In Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), the Supreme Court held that where federal law was essential to only one of several alternative theories of relief, the invocation of federal law was not sufficient to confer federal question jurisdiction.  See id. at 810, 108 S.Ct. at 2174; see also Mulcahey, 29 F.3d at 153 ("Christianson teaches us that, if a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist.").  Most importantly, however, is the fact that even if the Plaintiffs were to conclusively prove that Home Trust violated the federal provisions at issue, that would not dispose of the

threshold question of whether such violation gives rise to a private cause of action under North Carolina law.

Upon careful consideration of the Plaintiffs' claims, and particularly the legal and factual issues raised thereby, the Court concludes that the present case "does not fit within the special and small category" of state law claims presenting contested federal issues described by Grable. See Empire, 547 U.S. at 699, 126 S.Ct. at 2136. Further, even if such substantial issues of federal law did exist, the exercise of federal jurisdiction in this case would result in a significant transfer of state law claims to federal courts, thereby disrupting the balance of federal and state judicial responsibilities. Even where substantial federal issues are presented by state law claims, the Court must decline to entertain a lawsuit if doing so would disturb the "congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314, 125 S.Ct. at 2368. When possible it is best left to the North Carolina Courts to determine what causes of action are recognized pursuant to North Carolina law.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion to Remand

or in the Alternative for Leave to Amend the Complaint and Decline Supplemental Jurisdiction and for Attorney Fees and Costs [Doc. 6] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Court has determined, *sua sponte*, that it lacks subject matter jurisdiction in this matter and therefore removal was improper, and based thereon this matter is **REMANDED** to The General Court of Justice, Superior Court Division of Buncombe County.

This Order was entered by the Court on October 11, 2012, but due to a computer issue was not entered into the ecf system and the attorneys were not notified. Therefore, this order is being reentered on this date.

Signed: February 4, 2013

Martin Reidinger
United States District Judge

22